■ KRISTINA ARGIROS, Respondent, v HARRY KAREN et al., Appellants. —Judgment, Supreme Court, New York County, entered October 1, 1976, unanimously reversed, on the law and the facts, without costs or disbursements, and a new trial directed on the issue of damages only unless plaintiff, within 20 days after service upon her of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict of $50,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs or disbursements. The damages proven by plaintiff warranted a verdict no greater than the $50,000 to which her recovery should be limited. Concur —Kupferman, J. P., Evans, Capozzoli and Lynch, JJ.

■ THOMAS I. FITZGERALD, as Administrator of the Estate of LEA J. CASTILLO, Also Known as LEA JARQUIN, Deceased, Respondent, et al., Plaintiffs, v CESAR SANCHEZ, Appellant, et al., Defendants.—Judgment, Supreme Court, New York County, entered in favor of plaintiff-respondent on June 14, 1976, after trial before Gellinoff, J., and a jury, so far as appealed from, unanimously reversed, on the law and new trial ordered on the issue of damages only, without costs or disbursements. The brother of the decedent testified at the trial that his father resided with him. The decedent's father having survived her, he was her sole distributee (EPTL 4-1.1, subd [a], pars [4], [7]). This action was not for the benefit of the decedent's surviving brother as the court erroneously charged. The charge failed to limit recovery to the net pecuniary loss to the next of kin of the deceased. A new trial on the issue of damages is required. (EPTL 5-4.3, 5-4.4.) Concur—Kupferman, J. P., Evans, Capozzoli and Lynch, JJ.